SUMMARY ORDER

Dzemila Bracic, a native and citizen of Montenegro, seeks review of a June 20, 2008 order of the BIA, affirming the February 15, 2007 decision of Immigration Judge (“IJ”) Paul A. Defonzo, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Dzemila Bracic, No. A96 265 567 (B.I.A. June 20, 2008), aff'g No. A96 265 567 (Immig. Ct. N.Y. City Feb. 15, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We *287 review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The agency properly concluded that conditions in Montenegro have changed sufficiently such that Bracic’s fear of persecution is no longer objectively well-founded. 8 C.F.R. § 1208.13(b)(l)(i)(A); see also Hoxhallari v. Gonzales, 468 F.3d 179, 187-88 (2d Cir.2006). In Alibasic v. Mukasey, 547 F.3d 78, 87 (2d Cir.2008), we recently found that the BIA had not provided sufficient analysis to conclude, contrary to the IJ, that a fundamental change in circumstances in Montenegro rebutted the presumption of future persecution of an ethnic Albanian. Here, however, unlike in Aliba-sic, the agency properly based its decision on record evidence and adequately explained its reasoning. Indeed, the State Department report in the record indicated that there had been no reports of persecution or discrimination directed at Muslims or Ethnic Albanians since the ouster of Milosevic. Moreover, as the BIA observed, Bracic failed to point to any evidence to the contrary. Because substantial evidence supports the agency’s finding that country conditions have fundamentally changed in Montenegro, the agency properly denied Bracic’s application for asylum.[2] 8 C.F.R. § 1208.13(b)(l)(i)(A). The change in country conditions precludes finding a well-founded fear of future prosecution. For that reason, we need not consider Bracic’s challenge to the agency’s adverse credibility determination.
Bracic being unable to show the objective likelihood of future persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See 8 C.F.R. § 1208.16(b)(l)(i)(A); Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). By failing to raise her CAT claim either before the BIA or this Court, Bracic has abandoned that claim. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Bracic argues that the BIA erred in failing to consider her claim for humanitarian asylum. The Government responds that the BIA properly declined to consider such claim where Bracic failed to raise the issue of humanitarian asylum before the IJ. Regardless, we are satisfied that Bracic did not show the type of atrocious persecution for which humanitarian asylum is reserved. See Matter of Chen, 20 I & N Dec. 16, 19-20 (BIA 1989); Jalloh v. Gonzales, 498 F.3d 148, 151 (2d Cir.2007).